IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:24-cv-213

| | |
|---|---|
| TRA'VEON BEAITY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> PH2 CHARACTER DEVELOPMENT, ) <br> LLC ) <br> ) <br> Defendant. ) | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. Tra'veon Beaity ("Plaintiff" or "Tra'veon") applied and interviewed for a position with PH2 Character Development, LLC ("Defendant," "Chick-fil-A," or the "Company"). But Tra'veon is autistic and Chick-fil-A told him it would not hire him because of his disability.

2. Plaintiff now turns to this Court to be made whole for his harms and losses. Plaintiff brings this action against Defendant for violations of the Americans with Disabilities Act (Count I).

## II. PARTIES, JURISDICTION AND VENUE

3. Plaintiff resides in Mecklenburg County, North Carolina.

4. PH2 Character Development, LLC is a North Carolina corporation, with its principal office located at 833 Langley Drive, SE, Concord NC 28025. The Company is a franchisee of Chick-fil-A, Inc.—a Georgia-based business with restaurants across 48 states, including a large presence in North Carolina.

1

5. Defendant's registered manager is Jeremy Strouder, located at the same address.

6. Venue is proper in the Middle District of North Carolina because: Defendants have a substantial presence in Cabarrus County, North Carolina and conduct a great deal of business there. Moreover, the facts and circumstances of the case arise in Cabarrus County, North Carolina. But for Defendants' illegal conduct, Plaintiff would have been working in Cabarrus County, North Carolina.

### III. FACTUAL STATEMENT

7. On or around November 8, 2022, Tra'veon Beaity had an interview with the Company's PM Operations Manager Daniel Sbardella. Before the interview began, Tra'veon's mother Keandra Beaity told Sbardella that Tra'veon had autism.

8. The interview went well, except Sbardella kept asking Tra'veon about disability accommodations—something Tra'veon did not ask for or need. After the interview, Sbardella told Tra'veon and Keandra that he was not sure if Chick-fil-A would be able to hire Tra'veon "at this time." When Keandra asked why, Sbardella made clear that it was because Tra'veon was autistic.

9. Sbardella said, "we do love to do 'these,'" meaning that, allegedly, Chick-fil-A loves to hire disabled employees. Keandra sought clarification. She asked Sbardella if he was saying Chick-fil-A would not be offering Tra'veon a position "based off of him being autistic." Sbardella answered honestly, "yeah, just because we do already have a couple of people, who are … like … we're doing that with." Sbardella was saying that Chick-fil-A had a quota in place and, while it does hire disabled employees, it could only have a certain number at any given time. Sbardella continued, "I want to make it work, I just want to make

2

sure we have the tools in place to be able to at this time. Just because, I don't want to kinda overbid ourselves as well." Sbardella acknowledged that, absent the Company's quota for autistic employees being full at the time, Tra'veon would otherwise have been a great candidate. Specifically, Sbardella said, "Obviously he seems very smart and would be able to take those tasks on easily; sorry."

10. The next day, on or around November 9, 2022, the Company emailed Tra'veon telling him he did not get the position.

11. On April 18, 2023, Tra'veon filed a charge with the EEOC through counsel.

12. On December 18, 2023, the EEOC issued Tra'veon his Notice of Right to Sue letter.

### IV. LEGAL CLAIMS

### Count I
(*Violation of the Americans with Disabilities Act*)

13. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

14. Plaintiff is autisic. Autism is a disability under the Americans with Disabilities Act. Specifically, Plaintiff has a mental impairment that substantially limits one or more major life activities, including, but not limited to, noise sensitivity, sleep problems, sensory issues, mood instability, etc.

15. Defendants otherwise regarded Plaintiff as disabled at the time of his interview.

16. Plaintiff suffered an adverse employment action when Defendants rejecting his application on the basis of his real or perceived disabilities.

17. As an actual, proximate, and foreseeable result of Defendants' actions, Plaintiff has

suffered lost back and front pay, lost benefits, severe emotional distress, severe physical distress, anxiety, depression, embarrassment, humiliation, physical pain and suffering, and his peace of mind has been disturbed.

18. Defendants' actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. Defendants' officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

## **JURY TRIAL DEMANDED**

WHEREFORE, the Plaintiff prays the Court to:

1. Enter a judgment against Defendant and order the Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

2. Award Plaintiff punitive damages pursuant to the Americans with Disabilities Act and 42 U.S.C. § 1981a;

3. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

4. Award Plaintiff such other and further equitable relief as the Court deems appropriate under the circumstances; and

5. Grant Plaintiff a trial of this matter by a jury.

This the 12th day of March, 2024.

/s/ Kevin P. Murphy
Sean F. Herrmann
North Carolina Bar No. 44453
Kevin P. Murphy
North Carolina Bar No. 41467
Herrmann & Murphy, PLLC
400 Clarice Avenue Ste. 100
Charlotte, North Carolina 28204
Phone: 704-940-6399
Fax: 704-940-6407
Email: kevin@herrmannmurphy.com
Email: sean@herrmannmurphy.com
*Attorneys for Plaintiff*